UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 17 2008

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEROME P. GENOVA, | * | CIV 05-4038 |
| Petitioner, | * | MEMORANDUM OPINION AND ORDER |
| -vs- | * | |
| R. MARTINEZ, Warden, Federal Prison Camp | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Jerome P. Genova, while an inmate at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the District Court in the Norther District of Illinois, Eastern Division, imposed an illegal sentence upon him on March 13, 2002, and he asks this Court to vacate the sentence. For the reasons set forth in this Memorandum Opinion the petition is denied.

## DISCUSSION

Relying on *United States v. Booker,* 543 U.S. 220 (2005), Genova contends that his sentence violates the Sixth Amendment because it is based on factors that were not found by a jury. After being convicted of racketeering, 18 U.S.C. § 1962 (b), mail fraud, 18 U.S.C. § 1341, and theft of funds, 18 U.S.C. § 666, Genova appealed his conviction to the Seventh Circuit Court of Appeals. The Seventh Circuit affirmed Genova's convictions for theft, racketeering and mail fraud, but vacated his judgment with respect to the forfeiture and remanded for recalculation of the forfeiture amount. *See United States v. Genova*, 333 F.3d 750, 763 (7th Cir. 2003).

Genova filed a motion under 28 U.S.C. § 2255 in the Norther District of Illinois, Eastern Division, in April of 2004, and was denied relief by the district court. Genova filed a notice of appeal from the district court's denial of his 28 U.S.C. § 2255 motion, and an application for a certificate of appealability with the Seventh Circuit. The Seventh Circuit found no substantial showing of the denial of a constitutional right and denied the certificate of appealability. Genova then applied for

an order pursuant to 28 U.S.C. § 2244(b)(3)[1] authorizing the District court to consider a successive motion under 28 U.S.C. § 2255 so that he could challenge his conviction based on the holding in *Blakely v. Washington,* 542 U.S. 296 (2004). The Seventh Circuit dismissed Genova's § 2244(b)(3) application without prejudice and stated that Genova could renew the application if the Supreme Court were to make the *Blakely* rule retroactive. Genova then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.

Genova has admitted that a challenge such as his normally should be brought under 28 U.S.C. § 2255, but Petitioner claims that § 2255 relief would be ineffective and inadequate because *Blakely* was decided after he had already filed his § 2255 motion. The Eighth Circuit Court of Appeals has stated, "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 ... and not in a habeas petition filed in the court of incarceration ... under § 2241." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003); *see also, Abdullah v. Hedrick,* 392 F.3d 957 (8th Cir. 2004). The petitioner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. *Id.*

Genova maintains that he is not advancing a retroactivity issue regarding application of *Booker* to collateral review. Genova argues rather that his sentence should be vacated because his case effectively remains open since the forfeiture issue which was remanded by the Seventh Circuit had not been addressed by the district court at the time Genova filed his § 2241 petition. Genova's convictions and sentences for theft, mail fraud and RICO were clearly affirmed by the Seventh Circuit. *See See United States v. Genova,* 333 F.3d 750, 759, 763 (7th Cir. 2003). The docket sheet for Genova's case in the Northern District of Illinois still does not disclose any activity on Genova's forfeiture issue after the remand other than a release of judgment lien. Genova was released from the Federal Prison Camp in Yankton, South Dakota, and recently moved for early release from his sentence of three years of supervised release. Notes from the docket sheet in Genova's case in the Northern District of Illinois establish that the district court granted the motion for early release from supervised release. Genova's petition in this Court is therefore rendered moot. Even if Genoa were

---

[1]28 U.S.C.A. § 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

to have met his burden and demonstrated that this retroactivity issue could be raised in a petition under 28 U.S.C. § 2241, he would not be entitled to relief unless he were to establish that there had been no final judgment in his case prior to the issuance of the *Booker* decision. The Supreme Court has not at this time made the holdings in *United States v. Booker,* or *Blakely v. Washington,* retroactive to cases on collateral review. Also, the rule in *United States v. Booker*, 543 U.S. 220 (2005), has been determined by the Eighth Circuit to be a new procedural rule that was not of "watershed" importance, and thus, the *Booker* rule does not apply to criminal convictions that became final before the rule was announced[2]. *See Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005), *cited in United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006). Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is DENIED.

Dated this 15th day of March, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)  DEPUTY

---

[2] Likewise, the Seventh Circuit concluded in *McReynolds v. United States*, 397 F.3d 479 (7th Cir.), cert. denied, 545 U.S. 1110 (2005), that the *Booker* holding does not apply retroactively to criminal cases which became final before *Booker* was decided in January 2005. *See also, United States. v. Carraway* 478 F.3d 845, 849 (7th Cir. 2007).

3